EDWARDS, Judge.
On October 23, 1979, John C. Torregano, in the scope of his employment, was injured when the vehicle he was driving collided with a vehicle driven by Edwin A. McCoy in the City of Slidell. McCoy was, at the time, in the scope of his employment with Herron Wire Products, Inc.
Torregano brought suit against Herron and its insurer, United States Fidelity & Guaranty Company. The Fidelity & Casualty Company of New York intervened to recover workmen’s compensation benefits paid to and on behalf of Torregano. Following a bench trial, the district judge found Herron Wire Products liable for the negligent acts of McCoy and cast Herron and USF & G for $20,000.00 in damages plus legal interest and all costs. The $20,-000.00 was awarded to Fidelity & Casualty Company, as intervenor. Torregano appeals. We affirm.
Torregano specifies that the trial court erred in:
1. refusing to allow Dr. Neville J. Reehlmann to testify in person rather than by deposition;
2. awarding all of the damages to the intervening workmen’s compensation carrier; and
3. denying plaintiff a new trial and refusing to award the damages prayed for.
When first filed, this case was assigned to Judge Hillary J. Crain, now of the First Circuit. Judge Crain required that, for bench trials, medical testimony be by deposition rather than live. Dr. Reehl-mann’s deposition was taken November 12, 1981. Trial was not till January 25, 1983, *1051 some fourteen months later. All parties had ample opportunity to, and did, depose whatever physicians they desired. No objection was made as to Judge Cram’s procedural ruling until the day of trial, at which time Judge Jones offered to hold the record open so that plaintiffs counsel might again depose Dr. Reehlmann to bring his medical testimony up to date. Counsel chose not to so avail himself.
We note that defense counsel followed the original procedure as laid down by Judge Crain. To have allowed one party live testimony when the other party, unsuspecting, had relied on established procedures and not brought live medical witnesses would have been unfair. We further note that Dr. Reehlmann, by deposition, testified carefully, in detail, and at great length. No significant change in his testimony could have taken place without Dr. Reehlmann’s impeaching himself. At most, the original order of Judge Crain was harmless error. Considering what transpired, Torregano’s case was prejudiced in no way and his specification of error is without merit.
Regarding the award of damages being given to the intervenor, we note that not only was said intervenor entitled to the funds as a matter of law but that all counsel stipulated as to the amounts and disposition. This specification of error is also without merit.
Essentially, Torregano objects to the $20,000.00 award, believing it should have been much higher. Torregano claims serious back injuries.
The record reveals plaintiff suffered four or five injuries prior to the October 23, 1979, accident. Torregano sued for at least one such prior injury and, at that trial, claimed to have been permanently and totally disabled since 1977. Plaintiff suffered a subsequent injury in June of 1980, which defendants maintained was the real source of plaintiff’s problems.
Dr. Reehlmann, who did not see plaintiff until May of 1980, was the only doctor called by plaintiff, despite Reehlmann’s testimony that Dr. Warren M. Barnes, the treating physician, would know better the cause of plaintiff’s problems. Doubtless, plaintiff called neither Dr. Barnes nor Dr. Graves, another physician he had consulted, because, as plaintiff himself testified at trial, neither of them could find anything seriously wrong with him.
The district judge wrote a thorough and well-reasoned opinion in which he carefully analyzed all the evidence and concluded that plaintiff had suffered “a moderately severe lumbar strain and a moderate cervical strain.” He found the plaintiff had not proved anything further. Our own searching review of the record convinces us that the trial court’s decision was correct.
For the foregoing reasons, the judgment appealed from is affirmed. All costs of this appeal are to be paid by John C. Torre-gano.
AFFIRMED.